# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

              Plaintiff,

v.

Elias Isaac Perez-Rios,

              Defendant.

**Criminal No. 15-218 (ADM/SER)**

**ORDER AND
REPORT AND
RECOMMENDATION**

Ryan R. Wood, Esq., United States Attorney's Office, Minneapolis, Minnesota, for Plaintiff.

Shannon R. Elkins, Esq., Office of the Federal Defender, Minneapolis, Minnesota, for Defendant.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendant Elias Isaac Perez-Rios's ("Perez-Rios") pre-trial motions [Doc. Nos. 17, 18, 19, 20, 21, 22].

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant Elias Isaac Perez-Rios's ("Perez-Rios") Motion for Disclosure of 404 Evidence [Doc. No. 17] is **GRANTED in part** and **DENIED in part**. To the extent Perez-Rios seeks disclosure of information that is within the scope of Rule 404(b), the motion is **GRANTED**. To the extent Perez-Rios seeks immediate disclosure of Rule 404(b) evidence, the motion is **DENIED**; the Government is ordered to disclose Rule 404(b) evidence **fourteen (14) days** before trial. The motion is **DENIED** in all other respects.

2.     Perez-Rios's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Doc. No. 18] is **GRANTED in part** and **DENIED in part**. The Government represents that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and that it has and will continue to comply with those obligations. To the extent Perez-Rios seeks disclosure of evidence favorable to him pursuant to *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the motion is **GRANTED**. To the extent Perez-Rios seeks disclosure

of evidence outside the scope of *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the motion is **DENIED**.

3.  Perez-Rios's Pretrial Motion for Discovery and Inspection [Doc. No. 19] is **GRANTED** to the extent Perez-Rios seeks discovery consistent with the Federal Rules of Criminal Procedure. The motion is **DENIED** in all other respects.

4.  Perez-Rios's Motion to Provide Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing [Doc. No. 20] is **DENIED as moot** based on the Government's representation that it did not intend to call any witnesses to testify at the suppression hearing, and in fact did not call any witnesses.[1]

5.  Perez-Rios's Motion for Early Disclosure of Jencks Act Material [Doc. No. 21] is **GRANTED in part**, and the Government shall disclose Jencks Act material no later than **three (3) days** before trial.[2] The motion is **DENIED** in all other respects.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Elias Isaac Perez-Rios's ("Perez-Rios") Motion to Suppress Statements, Admissions, and Answers [Doc. No. 22] be **DENIED as moot** based on the Government's representation, both in its response and at the motion hearing, that it does not intend to introduce Perez-Rios's statements from June 24, 2015, and that Perez-Rios did not make any statements on our around July 10, 2015.[3]

Dated: September 24, 2015

 s/Steven E. Rau
STEVEN E. RAU
United States Magistrate Judge

---

[1]   (Gov't's Resp. to Def.'s Pretrial Mots.) [Doc. No. 23 at 3]; (Minute Entry Dated Sept. 24, 2015) [Doc. No. 33].

[2]   The Government represents its willingness to seek an agreement to provide "reciprocal Jencks disclosures three business days before trial." (Gov't's Resp. to Def.'s Pretrial Mots. at 3).

[3]   (Gov't's Resp. to Def.'s Pretrial Mots. at 5).

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.